UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYON ROBERTSON,

        Petitioner,

                                    Civil Case No. 16-10267
v.                                     Honorable Linda V. Parker

PAUL KLEE,

        Respondent.
_____/

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Keyon Robertson ("Petitioner"), a Michigan prisoner awaiting trial on a drug charge in the Circuit Court for Oakland County, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his pending prosecution. In his petition, he contests the legality of an investigatory stop, his arrest, and the seizure of heroin from his person while he was at a bus station in Pontiac, Michigan in 2012. The state trial court granted a motion to suppress the disputed evidence and dismissed the charge, but the Michigan Court of Appeals reversed and reinstated the charge. *People v. Robertson*, No. 315870, 2014 WL 4160468 (Mich. Ct. App. Aug. 21, 2014) (unpublished). The Michigan

Supreme Court reviewed the case, conducted oral argument, and denied leave to appeal. *People v. Robertson*, 498 Mich. 962 (2015).

Promptly after the filing of a petition for habeas corpus, the district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing §2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions raising legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review Rule 4 requires, the Court concludes that the habeas petition must be dismissed.

**II.     Discussion**

Petitioner is challenging his pending criminal prosecution in the Oakland County Circuit Court in this case. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief

to forestall state prosecution altogether. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

      Petitioner has not established a need for this Court's interference in the state court prosecution. To the extent he seeks dismissal of his pending state drug charge and release from custody, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that he seeks the suppression of evidence at his

upcoming trial, he fails to show that special circumstances warrant pre-trial federal intervention. The Court is aware of few exceptions to this abstention doctrine and those exceptions seems to be limited to speedy trial claims, *Braden, supra*, double jeopardy claims, *Delk v. Atkinson*, 665 F.3d 90, 94 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286-87 (6th Cir. 1979), and perhaps cases of "proven harassment or prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction . . .." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). The Court is unaware of any exceptions for Fourth Amendment claims. *See, e.g., Pagtakhan v. Foulk*, No. C 09-5495, 2010 WL 653460, at *2 (N.D. Cal. Feb. 22, 2010) (unpublished) (finding no such exception for routine claims, including a Fourth Amendment claim). Should Petitioner be convicted at trial, he can pursue a direct appeal in the state courts and then seek federal habeas review as necessary. Should Petitioner be acquitted at trial, the issue will be moot.

Moreover, even if the Court considers Petitioner's claim, he is not entitled to habeas relief because his claim is not cognizable. Federal courts will not address a Fourth Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest/search and

seizure in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 135 N.W.2d 357, 358-59 (Mich. 1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 291 N.W.2d 97, 99 (Mich. Ct. App. 1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism. Petitioner makes no such showing.

The record reveals that he challenged the stop, arrest, and search and seizure by filing a motion to suppress the evidence. The trial court granted his motion, but the Michigan Court of Appeals reversed and the Michigan Supreme Court denied leave to appeal. Consequently, it is clear that the Michigan courts were cognizant

of Petitioner's Fourth Amendment claim and that he received all the process he was due. Petitioner's claim is not cognizable on habeas review pursuant to Stone v. Powell. The instant petition is thus premature, lacks merit, and must be dismissed.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings is premature and that his habeas claim is not cognizable on federal habeas review under Stone v. Powell. His habeas petition therefore must be dismissed.

To the extent Petitioner seeks to appeal the Court's decision, a certificate of appealability first must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

...
...
...

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, the Court concludes that reasonable jurists would not find the Court's procedural ruling debatable and that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claim. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability and leave to proceed in forma pauperis on appeal.

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 26, 2016, by electronic and/or U.S. First Class mail.

    s/ Richard Loury
    Case Manager