UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYON ROBERTSON,

    Petitioner,

v.                                                Case No. 16-10267
                                                    Honorable Linda V. Parker

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND A CERTIFICATE OF APPEALABILITY

On January 25, 2016, Keyon Robertson ("Petitioner") filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting the legality of an investigatory stop, his arrest, and the seizure of heroin from his person. At the time, Petitioner was awaiting trial in the Circuit Court for Oakland County, Michigan, on a drug charge arising from his arrest.[1] The Court summarily dismissed the petition in an opinion and order issued on April 26, 2016. (ECF No. 3.) Presently before the Court is Petitioner's "Motion for Reconsideration" of that

---

[1] Petitioner subsequently pleaded guilty to delivery/manufacture of more than fifty grams but less than four hundred and fifty grams of a controlled substance and, on July 18, 2016, was sentenced as a fourth habitual offender to a term of imprisonment of eight years and three months to forty years. *See* http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=260997.

decision, filed October 23, 2018. (ECF No. 5.) Petitioner signed and dated the motion on September 20, 2018. (*Id.* at Pg ID 95.)

In his motion, Petitioner cites Federal Rule of Civil Procedure 60(b)(6) and seeks reconsideration of the Court's dismissal order based upon alleged newly-discovered evidence establishing his actual innocence. Petitioner raises his previously asserted Fourth Amendment claim concerning his arrest and the seizure of the heroin. He also raises new claims concerning the suppression of impeachment evidence, perjury, prosecutorial and judicial misconduct, and ineffective assistance of counsel. For the following reasons, the Court is denying Petitioner's motion.

First, it is untimely. Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006).

Plaintiff cites Rule 60(b)(6) in support of his motion but bases his motion on alleged newly discovered evidence. Although Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies" it, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). As such, Petitioner's motion is governed by Rule 60(b)(2) and had to be filed within one year of the Court's April 26, 2016 dismissal order.

Petitioner's motion also is untimely to the extent brought under Eastern District of Michigan Local Rule 7.1(h). A motion under that rule must be filed within fourteen days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1).

Second, even if the Court considers the merits of Petitioner's motion, he is not entitled to relief. Petitioner fails to show error in the Court's decision to dismiss his pre-conviction habeas petition in 2016. Dismissal was appropriate

under the abstention doctrine and because Petitioner failed to state a habeas claim. While Petitioner seeks to raise new claims for habeas relief that were not presented in his original pre-conviction petition, such issues are not properly brought in a Rule 60(b) motion in this case. Instead, such claims must be presented in a new, post-conviction habeas petition.

To the extent Petitioner seeks to appeal this decision, he first must obtain a certificate of appealability. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reasons would not find it debatable whether the Court correctly denied Petitioner's motion.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that this case is closed and will not be reopened. No further pleadings should be filed in this matter.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
